# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HERMAS LAZO,

    *Petitioner*,

vs.

WARDEN, *et al.*,

    *Respondents*.

2:13-cv-01205-JCM-VCF

ORDER

    This habeas matter comes before the court for initial review. The filing fee has been paid. Following review, a response will be directed.

    IT THEREFORE IS ORDERED that the clerk shall informally electronically serve the state attorney general with a copy of the petition and this order along with regenerated notices of electronic filing of the remaining filings herein.

    IT FURTHER is ORDERED that respondents shall have **sixty (60) days** from entry of this order within which to respond, including potentially by motion to dismiss, to the petition, as amended. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the court's screening of the matter and which are entered pursuant to Habeas Rule 4.**

    IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any response on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, with their response, respondents shall file and serve a single set of state record exhibits relevant to the response, in substantially chronological order and indexed as discussed, *infra*.

IT FURTHER IS ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71.

IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the **Reno clerk's office**.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition.  This provision overrides any shorter deadline established in any subsequent minute entry herein under the *Klingele* decision.

DATED:  May 22, 2014.

_____
JAMES C. MAHAN
United States District Judge

-2-